UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 23-14066-CIV-MARTINEZ/MAYNARD

RYAN JEFFREY HOLMES,

    Plaintiff,

v.

KENT CAMPBELL, CHRISTIAN
MATHISEN, and DERYL LOAR,
in his capacity as former Sheriff of
Indian River County Sheriff's Office,

    Defendants.
_____/

## REPORT & RECOMMENDATION

**THIS CAUSE** is before me upon a *sua sponte* review of the record. Plaintiff, proceeding *pro se*, previously sought and was granted leave of Court to file an Amended Complaint. DE 34, DE 35. On November 27, 2023, Plaintiff filed his Amended Complaint pursuant to 42 U.S.C. § 1983 alleging a violation of his civil rights during his arrest on March 13, 2019. DE 38. Since then, Plaintiff has not timely responded to a pending Motion to Dismiss despite multiple prior extensions of time. Plaintiff was cautioned that his failure to timely respond may result in a recommendation that this case be dismissed entirely for failure to prosecute. Plaintiff did not timely file a response. Being fully advised and for the reasons stated in this report, I thus recommend that the pending Motion to Dismiss, DE 41, be **GRANTED** by default and that Plaintiff's Amended Complaint be **DISMISSED WITHOUT PREJUDICE** for failure to prosecute and comply with Court Orders.

**BACKGROUND**

According to the Amended Complaint, during an arrest of Plaintiff on March 13, 2019, Indian River County Sheriff's Office ("IRCSO") employees used excessive force against Plaintiff and refused to allow Plaintiff to receive proper medical attention. *Id.* The Amended Complaint contains the following counts: Count I: 42 U.S.C. § 1983 Deprivation of Plaintiff's Civil Rights against Campbell (excessive force); Count II: 42 U.S.C. § 1983 Deprivation of Plaintiff's Civil Rights against Mathisen (excessive force); Count III: 42 U.S.C. § 1983 Deprivation of Plaintiff's Civil Rights against Loar (deliberate indifference); Count IV: Battery against IRCSO [Loar] ("pleaded in the alternative"); and Count V: 42 U.S.C. § 1983 Deprivation of Plaintiff's Civil Rights (Campbell- Failure to provide medical treatment).

Defendants Campbell and Mathisen[1] timely responded to the Amended Complaint with a Motion to Dismiss seeking to dismiss Counts II and V on grounds of qualified immunity and failure to state a claim. DE 41. This Motion to Dismiss was filed on December 8, 2023. To date, Plaintiff has not filed a response to this Motion to Dismiss despite having missed the response deadline by over a week and following two prior extensions of time granted by me, over Defendants' objections. DE 55 (Order requiring that "Plaintiff's response shall be filed **by or before Thursday, February 1, 2024**"); DE 67 at 5 (Second Order requiring a response by Friday, February 16, 2024).

Rather than respond to the pending Motion to Dismiss, Plaintiff has instead filed several other motions and notices, including two motions for referral to this District's Volunteer Attorney

---

[1] These two Defendants note that Plaintiff also served Deryl Loar personally, but that Mr. Loar has not been the Sheriff of Indian River County since January 2021 when Eric Flowers took office as Sheriff. Thus, these Defendants assert that Mr. Loar is not authorized to accept service for the Indian River County Sheriff and that, as of the date of their Motion to Dismiss, Plaintiff Holmes has not properly served the Sheriff of Indian River County. DE 41 at n. 3.

Program, a Motion for Preliminary Injunction,[2] and two motions to conventionally file videos in support of his Motion for Preliminary Injunction. DE 43, DE 57, DE 62, DE 63, DE 64. Plaintiff most recently filed an untimely Second Motion for Extension of Time seeking an additional 15 days to respond to the Motion to Dismiss. DE 65. Defendants Campbell and Mathisen filed a response opposing this requested extension on grounds that Plaintiff is intentionally delaying these proceedings that he initiated over eleven months ago. DE 66. Over Defendants' objections, I granted Plaintiff's request for additional time to respond to the Motion to Dismiss while also noting the following:

> As I've made clear in at least two prior Orders, the proper focus at this juncture is a determination of which of the alleged claims raised in Plaintiff's Amended Complaint may proceed. DE 55, DE 58. Rather than file a response to the pending Motion to Dismiss, Plaintiff has instead filed motions that are unrelated to this proper focus and that are tied to unrelated later events. These filings serve only to confuse issues and to detract from an evaluation of the claims asserted in the Amended Complaint. I find this to be especially true having recently discovered that Plaintiff has filed another simultaneously-pending case in this Court in which he has asserted nineteen counts against IRCSO and six others for unlawful search and seizure, false arrest, defamation, excessive force, deliberate indifference to serious medical needs, a *Monell* claim, and other related claims tied to events that occurred on and before September 13, 2019. *See Holmes v. Indian River Sheriff's Office, et al.*, Civil Case No. 23-14287-Civ-JEM, DE 18. In that separate case, Plaintiff filed a virtually identical motion for preliminary injunction to the one he filed in this case—both motions were filed in each case on the same date. *Compare id.* at DE 44 *with* DE 57 filed in this case.

DE 67 at 3. My Order made clear that "Plaintiff **_shall_** file a written response to the pending motion to dismiss **by Friday, February 16, 2024**" and that his "[f]ailure to do so may result in my recommendation that this action be dismissed without further notice pursuant to Federal Rule of Civil Procedure 41(b) for failure to prosecute." *Id.* at 5. (emphasis in original).

---

[2] This Motion was filed as an "emergency," however I subsequently decertified the "emergency" nature of the Motion and denied it insofar as it seeks to "put all matters in this c[a]se on hold." DE 58.

## ANALYSIS

Turning first to the pending Motion to Dismiss, the merits need not be reached because Plaintiff never responded to it.  This Court's Local Rules require "[e]ach party opposing a motion [to] file and serve an opposing memorandum of law no later than fourteen (14) days after service of the motion." S.D. Fla. Local Rule 7.1(c)(1).  "Failure to do so[,]" the Local Rule explains, "may be deemed sufficient cause for granting the motion by default." *Id.*; *see also Augusme v. Carlton*, 2022 WL 10042943, at *2 (S.D. Fla. Oct. 17, 2022) ("Augusme didn't file a response opposing or otherwise objecting to the Motion to Dismiss—which gives us grounds to grant the Motion by default.").  Here, Plaintiff did not timely respond to the Motion to Dismiss within the time allotted by Local Rule or by later Court-ordered deadlines.  Thus, the Motion to Dismiss should be granted by default.

The fact that Plaintiff is *pro se* doesn't excuse his failure to comply with Court Orders and governing rules.  *See Moon v. Newsome*, 863 F.2d 835, 837 (11th Cir. 1989) ("Still, once a [*pro se*] litigant is in court, he is subject to the relevant law and rules of the court, including the Federal Rules of Civil Procedure."); *see also, e.g., LaQuinta-Wallace v. Forman*, 2023 WL 4888337, at *1 (S.D. Fla. July 31, 2023) (granting a motion to dismiss because the *pro se* plaintiff "failed to file a response in opposition" as required by Local Rule 7.1(c)(1)). The Eleventh Circuit has said that the Local Rules "should not serve as a basis for dismissing a *pro se* civil rights complaint where . . . there is nothing to indicate plaintiff ever was made aware of it prior to dismissal[,]" *Mitchell v. Inman*, 682 F.2d 886, 887 (11th Cir. 1982), but Plaintiff has been advised before that he must respond in writing by clearly specified deadlines.  Plaintiff has been on express notice that he had to timely file a response if he opposed the Motion to Dismiss and he has also received sufficient notice of the consequences of not filing a response to the Motion to Dismiss.  *See*

*Sampson v. Fulton Cnty. Jail*, 157 F. App'x 242, 244 (11th Cir. 2005) ("Sampson knew about the rule [requiring him to respond to a motion to dismiss], though, prior to the granting of Fulton County Jail's motion to dismiss, but failed to file a response to that motion. . . . We affirm [ ] the dismissal of the complaint against the Jail.").

Turning next to this case generally, Plaintiff's latest failure to comply with a Court-ordered deadline combined with his overall actions in this case lead me to conclude that his Amended Complaint should be dismissed in its entirety for failure to prosecute. A district court may dismiss a case, on its own initiative, if a plaintiff abandons its prosecution of the suit or fails to comply with court orders. *Equity Lifestyle Properties, Inc. v. Fla. Mowing and Landscape Serv., Inc.*, 556 F.3d 1232, 1240 (11th Cir. 2009) (citing Fed. R. Civ. P. 41(b)) and holding that "[t]he court may dismiss a claim if the plaintiff fails to prosecute it or comply with a court order"); *see also Lopez v. Devito*, 2022 WL 1214888, at *2 (11th Cir. Apr. 25, 2022) (affirming dismissal of *pro se* civil action with prejudice where plaintiff engaged in clear pattern of delay and refusal to cooperate, including by repeatedly failing to comply with the district court's orders or adhere to the district court's schedule even in the face of express warnings about the risk of dismissal with prejudice). Indeed, the power to dismiss a case is part of a court's inherent authority to manage its docket and ensure the expeditious resolution of cases. *Chambers v. NASCO, Inc.*, 501 U.S. 32, 44 (1991) (discussing federal courts' inherent power and stating that a court "may act *sua sponte* to dismiss a suit for failure to prosecute").

"A 'dismissal with prejudice, whether on motion or *sua sponte*, is an extreme sanction that may be properly imposed only when: (1) a party engages in a clear pattern of delay or willful contempt (contumacious conduct); and (2) the district court specifically finds that lesser sanctions would not suffice.'" *Effs v. City of Miami*, No. 21-11672, 2021 WL 6116643, at *3 (11th Cir. Dec.

27, 2021) (quoting *Betty K Agencies, Ltd. v. M/V MONADA*, 432 F.3d 1333, 1337-38 (11th Cir. 2005)). With respect to the first prong, a court must find, at a minimum, that a plaintiff's delay in prosecuting a case is willful; mere negligence does not suffice. *Id.* (citing *McKelvey v. AT & T Technologies, Inc.*, 789 F.2d 1518, 1520 (11th Cir. 1986); *In re Se. Banking Corp.*, 204 F.3d 1322, 1332 (11th Cir. 2000) (holding that "simple negligence, misunderstanding, or inability to comply" does not constitute "willfulness")). As to the second prong, a district court is required to consider lesser sanctions. *See Barnes v. Fed. Commc'ns Comm'n*, 824 F. App'x 745, 750 (11th Cir. 2020) (affirming dismissal with prejudice on grounds that lesser sanctions, including dismissal without prejudice, would not suffice where plaintiff had previously filed two similar frivolous actions and had disregarded the district court's orders to file a renewed IFP motion and amend the complaint). Courts are afforded greater discretion in dismissing cases where dismissal is without prejudice. *See Coleman v. St. Lucie Cnty. Jail*, 433 F. App'x 716, 719 (11th Cir. 2011) (affirming dismissal of complaint without prejudice for failure to prosecute).

This case was commenced by Plaintiff nearly a year ago on March 9, 2023. Following service of process issues, Defendants appeared and timely filed an initial motion to dismiss, to which Plaintiff did not initially respond on a timely basis. DE 13 (initial Motion to Dismiss); DE 17 (Order to Show Cause requiring Plaintiff to respond or else face possible recommended dismissal of this case). To his credit, Plaintiff thereafter filed a response, which prompted a reply by Defendants. DE 23; DE 24. While this first Motion to Dismiss was pending, Plaintiff sought and was granted leave to file a First Amended Complaint. DE 35. The Amended Complaint was filed on November 27, 2023. Defendants timely responded by filing a second motion to dismiss. DE 41. Rather than respond on the merits to this second motion to dismiss, Plaintiff instead filed a series of motions focusing on different, more recent events involving alleged harassment and

retaliation against him. *See generally* DE 39; DE 57; DE 62; DE 63. As part of the briefing on these other motions, it came to light that Plaintiff admittedly sent a series of inappropriate emails to opposing counsel containing rude, condescending, and crude language. DE 51; DE 51-3.

In prior Orders, I addressed and resolved Plaintiff's other motions and made clear that "the proper focus at this juncture is a determination of whether the alleged claims and incidents raised in Plaintiff's operative complaint may proceed." DE 58; *see also* DE 55 (granting Plaintiff a prior extension of time to respond to the pending Motion to Dismiss "in an effort to bring focus properly back to a determination of whether the alleged claims and incidents raised in Plaintiff's operative complaint may proceed").

Despite being granted ample lenience and repeated extensions of time over Defendants' strenuous objections, the latest deadline for Plaintiff to respond to the pending Motion to Dismiss has passed with no response by Plaintiff, despite my warning that Plaintiff's failure to respond "may result in my recommendation that this action be dismissed without further notice pursuant to Federal Rule of Civil Procedure 41(b) for failure to prosecute." DE 67 at 5. Thus, it appears that Plaintiff is not interested in pursuing his claims raised in his Amended Complaint. Given Plaintiff's conduct in this case and his pattern of failing to comply with deadlines and Court Orders, I find that the appropriate course is to dismiss this action without prejudice. *See, e.g., Riddell v. Florida*, 702 F. App'x 869, 871-72 (11th Cir. 2017) (affirming dismissal without prejudice for want of prosecution after plaintiff failed to respond to an order requiring him to show why the case should not be dismissed following his failure to respond to a motion to dismiss). Because Plaintiff is not engaging with his case in good faith and is not timely responding to Court Orders, it appears unlikely that Plaintiff would respond to orders imposing lesser sanctions. Therefore, I find that lesser sanctions than dismissal without prejudice would not be effective.

## RECOMMENDATION

Based on the foregoing, I recommend that Defendants' Motion to Dismiss, DE 41, be **GRANTED** by default and that Plaintiff's Amended Complaint be **DISMISSED WITHOUT PREJUDICE** for failure to prosecute this case and comply with prior Court Orders. I further recommend that this case be **CLOSED**.

## NOTICE OF RIGHT TO OBJECT

The parties shall have fourteen (14) days from the date of being served with a copy of this Report and Recommendation within which to file written objections, if any, with U.S. District Judge Jose. E. Martinez. Failure to file objections timely shall bar the parties from a *de novo* determination by the District Judge of an issue covered in the Report and Recommendation and shall bar the parties from attacking on appeal unobjected-to factual and legal conclusions contained in this Report and Recommendation. *See* 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140, 149 (1985); *Henley v. Johnson*, 885 F.2d 790, 794 (11th Cir. 1989). **Conversely, if a party does not intend to object to this Report and Recommendation, then that party shall file a Notice of such within five (5) days of the date of this Report and Recommendation.**

**DONE AND ORDERED** in Chambers at Fort Pierce, Florida, this 22nd day of February, 2024.

SHANIEK MILLS MAYNARD
U.S. MAGISTRATE JUDGE